IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02677-WYD-OES

In Re:  THE LIFELIKE COMPANY, a Delaware corporation, d/b/a MY TWINN,

    Debtor,
_____

TOM H. CONNOLLY, Chapter 7 Trustee,

    Plaintiff,

v.

QUAD/GRAPHICS, INC.,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Withdraw the Reference (# 1) dated December 14, 2005.  Defendant's Motion was transmitted from the Bankruptcy Court and assigned to this Court on December 30, 2005.  No response to the motion was filed.

The Complaint seeks to avoid allegedly preferential and fraudulent transfers made to Defendant.  In the instant motion, Defendant seeks to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), which provides that the district court may withdraw any case referred to a bankruptcy court "for cause shown."  28 U.S.C. § 157(d).  Specifically, Defendant requests a jury trial and states that a jury trial in this Court is warranted because Plaintiff seeks money damages against Defendant,

Defendant has not filed a proof of claim, and because Defendant demanded a jury trial in its Answer.  See *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782 (1989); *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330 (1990).  In *Langenkamp,* the Supreme Court reaffirmed its holding in *Granfinanciera* that a party who has not submitted a claim against a bankruptcy estate has a Seventh Amendment right to a jury trial when sued by a bankruptcy trustee to recover a fraudulent monetary transfer.  *Langenkamp*, 498 U.S. at 44-45.  I find that Defendant, because it has not submitted a claim against the bankruptcy estate, is entitled to a jury trial.  Further, because the Tenth Circuit has held that bankruptcy judges are not authorized to conduct jury trials (*In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990)), the Motion to Withdraw should be granted.

Based on the foregoing, I find that this proceeding should be tried before the United States District Court.  This does not, however, preclude this Court from allowing the Bankruptcy Court to supervise pre-trial matters.  *In re M & L Bus. Mach. Co.*, 159 B.R. 932, 933-35 (D. Colo. 1993).  Accordingly, it is

ORDERED that Defendant's Motion to Withdraw Reference (# 1) dated December 14, 2005, is **GRANTED**.  It is

FURTHER ORDERED that this matter is **REMANDED** to the Bankruptcy Court for that court to consider and decide all pre-trial issues.  It is

FURTHER ORDERED that once discovery and other pre-trial phases of the case (including approval of the final pre-trial order) are completed, this Court will conduct a trial on the merits.

Dated: February 8, 2006

                        BY THE COURT:

                        s/ Wiley Y. Daniel
                        Wiley Y. Daniel
                        U. S. District Judge